IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KENNETH M. HARRISON,                 :

          :

      Petitioner              :

          :

          :

      VS.                   :       **7 : 08-CV-64 (HL)**

          :

CLAY TATUM, Warden,           :

          :

          :

      Respondent.          :

**RECOMMENDATION**

The petitioner filed this federal habeas petition challenging his 2006 Colquitt County kidnaping conviction, for which he was sentenced to a twenty-year "split" sentence, ten years to serve and ten years on probation.  The petitioner filed a Motion for New Trial on October 5, 2006, and this motion remains pending in the trial court.  The petitioner has not filed a direct appeal or state habeas corpus petition.  He filed this federal petition on May 15, 2008.  On the basis of the pending Motion for New Trial and the petitioner's failure to exhaust his state court remedies, the respondent has filed a Motion to Dismiss this action.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts

necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978).   Inasmuch as he has not yet completed state habeas review, the petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b).  The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Although the petitioner argues that he has experienced an inordinate delay in the resolution of his Motion for New Trial, filed in October 2006, the respondent points out that such a time delay is not unusual or unreasonable, with some such motions requiring three to four years before disposition.  Respondent adds that petitioner's trial counsel indicates that the transcript of petitioner's trial has not yet been completed as of July 2008.   Inasmuch as the petitioner has not yet completed available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's motion to dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd day of December, 2008.


                                       /s/ ***Richard L. Hodge***
                                         RICHARD L. HODGE
                                         UNITED STATES MAGISTRATE JUDGE

asb